IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NOHELIA DE LA CRUZ     :

    v.     :     Civil Action No. DKC 18-0337

VIPPAN CHOPRA, et al.     :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Fair Labor Standards Act ("FLSA") case is the parties' joint motion for approval of their settlement agreement. (ECF No. 10). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. Because the proposed settlement agreement (the "Agreement") represents a fair and reasonable resolution of a *bona fide* FLSA dispute, the settlement will be approved.

**I. Background**

Plaintiff Nohelia de la Cruz was employed by Defendants from approximately 2004 to April 5, 2016. (ECF No. 10-1, at 1). Plaintiff alleges that during the relevant time period she worked 55 hours per week on average, at a rate of $12 per hour that increased to $12.25 per hour. (ECF No. 1 ¶ 11; 10-1, at 1). Plaintiff alleges that Defendants either did not pay her for overtime hours worked or paid her overtime at the regular

pay rate. (ECF No. 1 ¶¶ 15, 17, 18). Based on these allegations, Plaintiff filed a complaint asserting violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et seq.* (Count I); the Maryland Wage and Hour Law (the "MWHL"), Md.Code Ann., Lab. & Empl. § 3-401, *et seq.* (Count II); and the Maryland Wage Payment and Collection Law (the "MWPCL"), Md.Code Ann., Lab. & Empl. § 3-501, *et seq.* (Count III). (ECF No. 1). On May 3, the parties jointly moved for approval of the portion of the Agreement that resolves the FLSA claim. (ECF No. 10).

## II. Analysis

Because Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees, the statute's provisions are mandatory and are generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945). One exception to the general rule is that a district court can approve a settlement between an employer and an employee who has brought a private action for unpaid wages pursuant to 29 U.S.C. § 216(b), provided that the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. United*

*States*, 679 F.2d 1350, 1353, 1354 (11th Cir. 1982); *see also Duprey v. Scotts Co.*, 30 F.Supp.3d 404, 407 (D.Md. 2014).

Although the United States Court of Appeals for the Fourth Circuit has not directly addressed the factors to be considered in deciding motions for approval of such settlements, district courts in this circuit typically employ the considerations set forth by the United States Court of Appeals for the Eleventh Circuit in *Lynn's Food Stores*. *Duprey*, 30 F.Supp.3d at 407-08 (citing cases). An FLSA settlement generally should be approved if it reflects "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *See Lynn's Food Stores*, 679 F.2d at 1355. Thus, as a first step, the *bona fides* of the parties' dispute must be examined to determine if there are FLSA issues that are "actually in dispute." *Id.* at 1354. Then, as a second step, the terms of the proposed settlement agreement must be assessed for fairness and reasonableness, which requires weighing a number of factors, including: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel . . .; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the

potential recovery." *Duprey*, 30 F.Supp.3d at 409. Finally, where a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also "be independently assessed, regardless of whether there is any suggestion that a 'conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Lane v. Ko-Me, LLC*, No. DKC-10-2261, 2011 WL 3880427, at *3 (Aug. 31, 2011) (citation omitted).

    A.    ***Bona Fide* Dispute**

"In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey*, 30 F.Supp.3d at 408. Here, a review of the pleadings, along with the parties' joint submission regarding settlement, demonstrates that while Plaintiff claims that she was not paid at the proper rate or at all for her overtime hours worked, Defendants contend that Plaintiff was properly paid for all hours worked. Further, Defendants assert affirmative defenses. (ECF No. 7, at 4). Thus, a *bona fide* dispute exists as to Defendants' liability under the FLSA.

    B.    **Fairness & Reasonableness**

Upon review of the parties' submissions and after considering the relevant factors, *see Duprey*, 30 F.Supp.3d at

4

409, the Agreement appears to be a fair and reasonable compromise of the parties' *bona fide* dispute. Although the parties agreed to settle at an early stage of the proceedings, before any formal discovery has taken place, the parties engaged in lengthy informal discovery and settlement discussions where counsel argued the merits of Plaintiff's claims and addressed issues such as whether the records kept by Defendants were accurate and whether Plaintiff was properly paid. (ECF No. 10-1, at 1, 2). Additionally, the Agreement is the product of negotiations between parties represented by counsel, and there is no evidence that the Agreement is the product of fraud or collusion.

As to the relationship between the amount of settlement and Plaintiff's potential recovery, the Agreement appears to be fair and reasonable. Plaintiff calculated that she was owed approximately $4,140 in overtime pay, not including liquidated damages. (*Id.* at 2). Given that losing on the issue of Defendants' FLSA liability would result in no recovery of overtime pay, the settlement amount appears reasonable and fair.

**C. Attorney's Fees and Costs**

Finally, the Agreement's provisions regarding attorneys' fees and costs must also be assessed for reasonableness. "In assessing the reasonableness of the fee, courts typically refer to the principles of the traditional lodestar method as a

5

guide," *Hackett v. ADF Restaurant Invs.*, 259 F.Supp.3d 360, 367 (D.Md. 2016), which multiplies the number of hours reasonably expended by a reasonable hourly rate, *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey*, 30 F.Supp.3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). This court has established presumptively reasonable rates in Appendix B to its Local Rules.

Plaintiff's attorney states that he has over 20 years of experience in the area of labor and employment law, extensive experience in FLSA matters, and typically charges an hourly fee of $425. (ECF No. 10-1, at 5). According to Appendix B, a reasonable hourly fee for attorneys with more than 20 years of experience ranges from $300-475. Plaintiff's counsel states that he has spent approximately ten hours working on this case and approximately $500 in costs. (*Id.*). A total fee of $1,500 is equivalent to an hourly rate of $150, which falls well below the reasonable fee for attorneys with 20 years or more of experience. Thus, pursuant to the Maryland guidelines, a total amount of attorney's fees of $1,500 is reasonable and below the customary fee in Maryland for the legal work involved.

6

**III. Conclusion**

For the foregoing reasons, the joint motion for approval of settlement agreement will be granted. A separate order will follow.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge